## PETITION OF MARLBOROUGH.

Upon a petition for leave to discontinue a new highway laid out but not constructed, the mere facts of the pendency and the reference of a petition for another highway, which might be a substitute for the first, do not constitute a sufficient change of circumstances under the 69th rule of court to authorize a discontinuance of such new highway.

Where the county commissioners report in favor of the discontinuance of such new highway for two reasons, of which one is legally insufficient and the other is not conclusive in law, and the report does not show that they considered the latter alone sufficient, the report will on motion be recommitted.

PETITION for leave to discontinue a new highway.

The county commissioners report that they "are of the opinion that the prayer of the petitioners ought to be granted for the following reasons :

1st. The town of Marlboro', since said highway was established, has become deeply involved. The taxes are quite heavy, and should said town of Marlboro' be compelled to construct said highway at this time, it would, in our opinion, put a burden upon said town that would be very seriously felt by the citizens, as the sum necessary to construct said highway would be very considerable.

2d. There is a petition and a commission issued to said commissioners, praying for a highway to be laid out in the town of Dublin, to intersect the highway (leading from Harrisville to intersect the highway which is asked to be discontinued) and the old highway which is now travelled, which might reduce the grades somewhat."

The counsel for the original petitioners for the highway object to the acceptance of the report for the following reasons :

"First. Because the said commissioners do not report, nor does it appear from their report that any change of circumstances in any manner affecting the expediency of laying out said highway has occurred since the same was laid out so that the same is no longer necessary, and should be discontinued by reason of such change of circumstances.

Second. Because the reason first assigned by the commissioners for reporting in favor of the prayer of the petition is insufficient; it not appearing that the sum now necessary to construct the highway would be greater than that originally estimated by the commissioners who laid it out, nor that the alleged great increase of the indebtedness of the town had accrued before the expiration of the time within which said town was ordered to build said highway. The petitioners offer to show that said town was ordered to complete said highway by the first day of October, A. D. 1862, and that up to that time the indebtedness of said town had not materially increased since the laying out of said highway.

Third. Because the second reason assigned by the commissioners for reporting in favor of the prayer of the petition is inadequate and insufficient; the pendency of a petition for a highway which is proposed as a substitute in whole or in part for the highway proposed to be discontinued not being a change of circumstances in any manner affecting the expediency of laying out said highway."

*Lane*, for Marlborough.

*Wheeler* and *Faulkner*, for the original petitioners.

BARTLETT, J. A decrease in the means of a town, after a highway has been laid out, might in some cases constitute such a change of circumstances as would warrant a discontinuance of the highway; for the urgency of the public need and the amount of the accommodation which the highway would afford, might not be sufficient to justify the imposition of the burden on the town. *Winship* v. *Enfield*, 42 N. H. 206; *Dudley* v. *Cilley*, 5 N. H. 561; *Petition of Goffstown*, 43 N. H. 200.

Here the commissioners have not found such a state of facts, for they merely report, that, since the laying out, the town has become so involved in debt that the building of the road would be burdensome; and this may be true, and yet the public good may require the imposition of the burden. Nor do the commissioners state the facts showing that by reason of the debt incurred since the laying out, the burden on the town would be so increased as to affect the expediency of laying out the proposed highway. Perhaps, however, if this were all the reason given, as it might be sufficient under some circumstances, the court would not revise the decision of the commissioners. *Petition of Hopkinton*, 27 N. H. 139. This is not, however, a reason conclusive as to the propriety of a discontinuance, like the construction of roads found by the commissioners to obviate the necessity of the proposed highway, as in *Hampstead's Petition*, 19 N. H. 349, and another matter is stated as one of the reasons which induced the commissioners to report in favor of a discontinuance.

If we were to assume that there might be such a change of circumstances as would require a new highway obviating the necessity of the one in question, and that this might properly be considered by the commissioners, still we could not hold that the facts stated in the second

reason constitute any change of circumstances within the 69th rule of court. The mere fact of the pendency of a petition for a new highway has no bearing upon the expediency of laying out the highway in question; and a petition for a particular new highway is no more evidence of its necessity than a writ is evidence of the debt declared on; and the reference of the petition does not alter the case in this respect; *Hopkinton* v. *Winship*, 35 N. H. 214; and if these facts are not evidence of the necessity of the new highway, standing alone as they do here, they cannot be evidence of the probability that it ever will be built. But, were it otherwise, these facts would furnish no evidence of such a necessity arising since the laying out, for all the facts bearing upon that question may have existed before. The second reason, therefore, seems to us to state nothing that in itself could be regarded as a change of circumstances, affecting the expediency of laying out the highway, within the meaning of the rule, and as the commissioners have reported in favor of a discontinuance for the two reasons, we cannot say that they would have so determined upon the first alone. *Sanborn's Petition*, 33 N. H. 75.

<div align="right">

*The report must be recommitted.*